**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION**

BESIMA OSMICEVIC,

        Plaintiff,

vs.

HAWKEYE HEALTH SERVICES,
INC., an Iowa Corporation, d/b/a AUXI
HEALTH,

        Defendant.

No. 08-cv-1034

———————————

**ORDER SETTING CIVIL JURY TRIAL, FINAL PRETRIAL CONFERENCE
AND REQUIREMENTS FOR THE PROPOSED FINAL PRETRIAL ORDER**

*IT IS ORDERED*:[1]

    *I.*    *TRIAL DATE*:  This case has been placed on the calendar of United States

District Court Chief Judge Linda R. Reade for a jury trial scheduled to commence at the

court's temporary location, 4200 C Street SW, Cedar Rapids, Iowa, at some time during

the **two-week period beginning on October 18, 2010.**  The exact dates and times of the

trial will be determined closer in time to the trial date.

    *II.*    *CONTINUANCE OF TRIAL OR FINAL PRETRIAL CONFERENCE*

*DATES*:  Unless requested within **14 days** after the date of this order, no continuance of

the trial date will be granted except upon written application and for exceptional cause.[2]

---

      [1]This order was revised on October 15, 2008.  The parties are alerted to the fact
that their duties and responsibilities have changed from what was required by earlier trial
setting orders.

      [2]Deadlines as specified herein apply to the original trial date or any subsequent trial
(continued...)

**III.** **_FINAL PRETRIAL CONFERENCE_:** A final pretrial conference ("FPTC") is scheduled before **Chief Judge Reade** on **September 14, 2010 at 4:00 p.m.** The FPTC will be held in person in **Courtroom One**,[3] 4200 C Street SW**,** Cedar Rapids, Iowa.[4] At the FPTC, the parties should be prepared to argue all pretrial motions, evidentiary issues, procedural disputes and jury instructions.

**IV.** **_CONSENT TO MAGISTRATE JUDGE_**: If the parties intend to consent to the exercise of jurisdiction by a Magistrate Judge, they shall sign and file the consent form, which will authorize a Magistrate Judge to dispose of the case. The consent form can be found on the court' s website at _www.iand.uscourts.gov_. The consent must be filed by the dispositive motions deadline.[5] In exceptional cases, the parties may seek leave of court for permission to consent after that deadline, however, it is not likely that the court will agree to transfer jurisdiction to a Magistrate Judge after the dispositive motions deadline.

**V.** **_FINAL PRETRIAL ORDER_:** The parties are jointly responsible for the preparation of the proposed Final Pretrial Order. _See_ LR 16.1.b. Before the FPTC, pro se parties and counsel for represented parties must prepare, agree upon and sign a proposed Final Pretrial Order prepared for Chief Judge Reade's signature in the format attached to this order. A copy of the proposed order must be received by Chief Judge

---

[2](...continued)
date to which the trial is continued.

[3]See attached layout of Courtroom 1, Building B.

[4]The parties may seek special permission from the court to appear telephonically at the FPTC. The court will require that all parties appear in the same manner—either telephonically or in person.

[5]The dispositive motions deadline shall be set forth in the Scheduling Order and Discovery Plan.

Reade via email at Diane_Leibold@iand.uscourts.gov, Frances_Haas@iand.uscourts.gov **and** ecfmail@iand.uscourts.gov (but not filed) at least **2 court days** before the FPTC.[6]

**VI.    _WITNESS AND EXHIBIT LISTS_:**  Exhibit lists must be attached to, and witness lists must be included as part of, the proposed Final Pretrial Order, in accordance with the instructions in the attached form order.   The parties are not required to list rebuttal witnesses or impeachment exhibits; however, the exhibits should be marked as described in the following section.  Proposed witness and exhibit lists must be exchanged by the parties (but not filed) at least **15 court days** before the FPTC.  At the time the parties exchange their exhibit lists, they must also give written notice to all adverse parties of any intent to use a declaration under Federal Rules of Evidence 803(6), 902(11) or 902(12) to establish foundation for records of regularly conducted activities, and must immediately thereafter make the records and the declaration available for inspection.  The parties have a continuing duty to keep the lists current and correct, with opposing parties and the court.

**VII.    _EXHIBITS_:**  Exhibits must be prepared for trial in accordance with the following instructions:

    **_A. Marking of Exhibits_.**  All exhibits must be marked by the parties before trial, in accordance with Local Rule 83.6.a.  The plaintiff(s) must use numbers and the defendant(s) must use letters.  _See_ LR 83.6.a.1.  Exhibits also must be marked with the case number.  _See_ LR 83.6.a.2.  All exhibits longer than one page must contain page numbers at the bottom of each page.  _See_ LR 83.6.a.3.  Personal Data Identifiers **must** be redacted from all exhibits.  _See_ LR 10.h.

---

[6]All documents emailed to Chief Judge Reade pursuant to this order should list the case name and number in the subject line.  Opposing counsel should be copied on each email. In the event a pro se party does not have access to an email account, the pro se party shall deliver the proposed order to Chief Judge Reade's chambers via U.S. mail, facsimile or hand-delivery.

**B. Elimination of Duplicates.** The parties should compare the exhibits and eliminate duplicates. If more than one party wants to offer the same exhibit, then it should be marked with a number and listed as a joint exhibit on the plaintiff's(s') exhibit list.

**C. Listing of Exhibits and Objections.** Exhibits must be listed separately, unless leave of court is granted for a group exhibit. If a party objects to parts of an exhibit but not to other parts, the offering party must prepare separate versions of the exhibit, one that includes the parts to which objections are being asserted and another that redacts those parts.

**D. Copies for the Court.** **Two court days** before trial, each party must supply Chief Judge Reade with a hard copy of all exhibits to be used at trial. The parties must place the hard copy in one or more three-ringed binders with a copy of the exhibit list at the front and with each exhibit tabbed. *See* LR 83.6.c. The parties may also supply Chief Judge Reade with a courtesy copy of the exhibits in PDF format on a compact disk. The court's copies of exhibits shall be separate from the original trial exhibits for the official records of the Clerk of Court. *See* LR 83.6.d.

**E. Objected-to Exhibits. Copies of all exhibits as to which there may be objections must be brought to the FPTC.** If the parties have been granted special permission to appear telephonically for the FPTC, they shall provide the court with copies of the objected-to exhibits prior to the FPTC. If an exhibit is not brought to the FPTC and an objection to the exhibit is asserted at the FPTC, the exhibit may be excluded from evidence for noncompliance with this order.

**VIII.** *OTHER PRETRIAL SUBMISSIONS*:

**A. Trial Briefs.** If the trial of the case will involve significant issues not adequately addressed by the parties in connection with dispositive motions or other

pretrial motions, the parties must prepare trial briefs addressing such issues and electronically file their trial briefs at least **2 court days before FPTC**.[7] *See also* LR 16.1.d.

 **B.** *Jury Statement, instructions, verdict forms, voir dire questions and special interrogatories.* At least **2 court days** before the FPTC, the parties must email Chief Judge Reade (at Diane_Leibold@iand.uscourts.gov **and** Frances_Haas@iand.uscourts.gov) a joint proposed jury statement.[8] The parties also must electronically file the following: (1) joint proposed jury instructions, (2) proposed verdict forms, (3) any requested voir dire questions, and (4) any requested special interrogatories.

 The joint proposed jury statement, the joint requested jury instructions and the proposed verdict forms must be prepared and submitted in accordance with the following instructions:

  **(1)** *Jury Statement*: The jury statement should briefly and simply set forth the background of the case and the claims and defenses being asserted by the parties. The parties should make every effort to agree upon the language used in the statement. To the extent the parties cannot agree, they should use the following format: "Plaintiff contends . . . ; Defendant contends . . . ."

  The jury statement will be read to the potential jurors before voir dire so that the potential jurors will be able to give meaningful responses to voir

---

[7]In the case of pro se parties who do not have access to the court's CM/ECF electronic filing system, such parties shall file hard copies of documents with the Clerk of Court in each instance where this order mandates electronic filing.

[8]In the event a pro se party does not have access to an email account, the pro se party shall deliver the joint proposed jury statement to Chief Judge Reade's chambers via U.S. mail, facsimile or hand-delivery.

dire questions.  It has no other purpose.  Thus, there is no reason for heated disputes between the parties concerning the contents of the jury statement.

(2)    ***Proposed Jury Instructions and Verdict Forms***:  Proposed jury instructions and verdict forms must be prepared and submitted in accordance with the following directions:

(a)    At least **10 court days** before the FPTC, the parties must serve on each other (but not file) proposed jury instructions and verdict forms.  Since counsel for the plaintiff(s) ultimately will be responsible for compiling a unified set of instructions for Chief Judge Reade, counsel for the defendant(s) should provide to counsel for the plaintiff(s) an electronic version of the defendant's(s') proposed instructions and verdict forms.

(b)    At least **5 court days** before the FPTC, counsel for the parties must consult, either personally or by telephone, and attempt to work out any differences in their proposed jury instructions and verdict forms.

(c)    Then, counsel for the plaintiff(s) must organize the proposed jury instructions and verdict form(s) into one document, prefaced by a table of contents.  *See* LR 51.a.  Instructions proposed by opposing parties on the same subject matter must be grouped together.  For example, if Instruction No. 10 is a proposed marshaling instruction, and each party proposes a different marshaling instruction, then Instruction No. 10A should be the marshaling instruction proffered by the plaintiff(s) and Instruction No. 10B should be the marshaling instruction proffered by the defendant(s).

6

If the parties disagree on the content of the verdict form(s), the joint proposal must contain each parties' proposed verdict form(s).

(d)     Each jury instruction should address a single subject and should be numbered individually, on a separate sheet of paper, and double-spaced. *See* LR 51.a.

(e)     At the bottom of each proposed jury instruction and verdict form, the party proposing the instruction or verdict form must cite the decisions, statutes, regulations or other authorities supporting the proposed instruction or verdict form. The following information also must be stated at the bottom of each proposed jury instruction and verdict form: (i) the party offering the instruction or verdict form; (ii) whether the opposing party objects to the proposed instruction or verdict form; and if there is an objection, whether the objection is to (A) the language of the instruction or verdict form, (B) the giving of the instruction or verdict form or (C) both. If a party is objecting to the language of a proposed instruction or verdict from, the objectionable language must be identified. Objections must be supported by citations to applicable authorities.

(f)     Any modification to a pattern instruction or verdict form should be disclosed as follows: additions should be underscored and deletions should be set forth by striking out the language sought to be deleted.

(g)     Instructions or verdict forms not requested as set forth above **shall be deemed waived** unless the subject of the instruction or verdict form is one arising in the course of trial which reasonably could not have been anticipated before trial from the pleadings,

7

discovery or nature of the case. Instructions or verdict forms that could not reasonably have been anticipated may be submitted in the course of trial, but unless circumstances make it impracticable to do so, such instructions or verdict forms must be submitted in writing with supporting authority. *See* Fed. R. Civ. P. 51.

(h) The court will use preliminary jury instructions, which will be read to the jury before opening statements. The parties' proposed jury instructions should only include proposed preliminary jury instructions in the event that the standard preliminary jury instructions used by Chief Judge Reade would be inadequate or inappropriate in this case.

**(3)** *__Requested Voir Dire Questions__*: The parties may request that Chief Judge Reade or the Magistrate Judge ask voir dire questions specific to this case.

**IX.** *__DEMONSTRATIVE AIDS__*: **At least 1 court day before trial**, a party using a demonstrative aid during a jury trial **must** show the demonstrative aid to representatives of all other parties participating in the trial and to Chief Judge Reade. The term "demonstrative aid" includes charts, diagrams, models, samples and animations, but does not include exhibits admitted into evidence or outlines of opening statements or closing arguments.

**X.** *__PROTOCOL FOR WITNESSES__*: A party who may call a witness to testify at trial must, before the witness testifies, advise the witness of the accepted protocol for witnesses testifying in this court. This advice should include the following information: (A) the location of the witness box; (B) the proper route from the courtroom door to the witness box; (C) the fact that the witness will be placed under oath; (D) where the witness should stand while the oath is being administered; (E) that the witness should adjust the

8

witness chair and the microphone so the microphone is close to and directly in front of the witness's mouth; (F) that the witness should speak only in response to a question; (G) that the witness should wait for a ruling on any objection before proceeding to answer a question; (H) that the witness should answer all questions verbally; and (I) that substances such as food, beverages and chewing gum should not be brought into the courtroom.

A party must also advise the witness of proper dress for the courtroom. Proper dress <u>does not</u> include blue jeans, shorts, overalls, T-shirts, collarless shirts, shirts with printed words or phrases on the front or back, tank tops or the like.

### *XI.* *RESTRICTIONS ON WITNESSES*:

***A. Exclusion of Witnesses***. A witness who may testify at the trial or at an evidentiary hearing shall not be permitted to hear the testimony of any other witnesses before testifying, and is excluded from the courtroom during the trial or hearing until after the witness has completed his or her testimony, unless exclusion of the witness is not authorized by Federal Rule of Evidence 615 or unless the court orders otherwise. A witness who is excluded from the courtroom pursuant to this paragraph also is prohibited from reviewing a verbatim record of the testimony of other witnesses at the trial or hearing until after the witness has completed his or her testimony at the trial or evidentiary hearing, unless the court orders otherwise.

***B. Restrictions on Communications with Witnesses***. Unless the court orders otherwise, after the commencement of the trial or an evidentiary hearing and until the conclusion of the trial or a hearing, a witness who may testify at the trial or a hearing is prohibited from communicating with anyone about what has occurred in the courtroom during the trial or a hearing. If the witness does testify at the trial or a hearing, after the witness is tendered for cross-examination and until the conclusion of the witness's testimony, the witness is prohibited from communicating with anyone about the subject matter of the witness's testimony.

A witness may, however, communicate with his or her attorney about matters of privilege, and may communicate with anyone if the right to do so is guaranteed by the United States Constitution.

  *C. Parties*. The restrictions on witnesses in paragraphs (A) and (B) of this Part do not apply to the parties.

  **D. Duties of Counsel**. A party who may call a witness to testify at the trial or an evidentiary hearing must, before the trial or hearing, advise the witness of the restrictions in this section and the court's ruling on any motion in limine.

  ***XII.***   ***TESTIMONY BY DEPOSITION***: With respect to any witness who will appear by deposition, at least **15 court days** before trial, the party intending to offer the witness must serve on the opposing parties a written designation, by page and line number, of those portions of the deposition the offering party intends to have read into evidence. At least **10 court days** before trial, an opposing party must serve on the offering party any objections to the designated testimony and a counter-designation, by page and line number, of any additional portions of the deposition which the opposing party intends to have read into evidence. At least **5 court days** before trial, the party offering the witness must serve upon the opposing parties any objections to the designated testimony and a written designation, by page and line number, of any additional portions of the deposition the offering party intends to have read into evidence. At least **3 court days** before trial, the parties must consult, either personally or by telephone, and attempt to work out any objections to the proposed deposition testimony.

  Preferably at the FPTC, but, in any event, **not less than 48 hours before the deposition testimony is offered into evidence**, the offering party must provide the court with the following: (1) a full copy of the deposition transcript or recording; (2) a redacted exhibit containing only the lines of the transcript or parts of the video recording to be admitted into evidence; (3) a statement listing all unresolved objections to the deposition

10

testimony; and (4) the parties' combined list of all of the portions of the deposition to be admitted into evidence (listing transcript sections by page and line number and video recordings by counter number).

The court will review any objections, listen to any arguments and make any necessary rulings outside the presence of the jury so that there can be a "clean read" of the deposition to the jury. The court also will expect the parties to edit any video deposition accordingly.

The court does not require the court reporter to report the reading of deposition transcripts or the playing of video deposition testimony. The court considers a deposition transcript to be read as published in the written version. The parties should make a record as to any misreads of the transcript at the conclusion of the reading of the transcript.

All references in depositions to exhibit numbers or letters must be changed to correspond to the exhibit designation for trial.

Prior to the close of evidence, the party offering the deposition testimony must furnish the original deposition transcript or original deposition video recording to the court to be preserved as part of the official record. The offering party must clearly highlight the portions of the transcript or video recording which were read to the jury. The transcript or video recording will be marked as a court exhibit and preserved as part of the official record. Deposition transcripts are not to be submitted to the jury during deliberations.

### XIII. *MOTIONS*:

**A. *Pretrial Motions*.** The parties are required to notify the court by motion in limine or by motion under Federal Rule of Evidence 104(a) of any novel, unusual, or complex legal, factual or procedural issues reasonably anticipated to arise at trial. **Each parties' motion in limine shall be submitted in <u>one</u> document only.** If a motion in limine is submitted in multiple documents, the court will only consider the first document filed.

11

Each motion must be served and filed at least **10 court days** before the FPTC. A resistance to a motion in limine must be served and filed within **5 court days** after service of the motion. **All pretrial motions, including motions in limine, will be argued at the FPTC**, unless the court enters a written ruling on the motion before the FPTC.

    ***B. Summary Judgment Motions.*** Each party may file only **one** summary judgment motion, and it must be filed in one document. Absent a showing of extraordinary circumstances, the court will only consider the first summary judgment motion filed. *See* LR 56.

***XIV. JURY SELECTION PROCEDURES:*** The following are Chief Judge Reade's jury selection procedures. *See also* LR 48.

    *A.* On the first day of trial, approximately 32 randomly-selected potential jurors will be notified to appear at the courthouse at a time to be determined.[9] About a week before trial, the parties may obtain from the Clerk of Court a list of the potential jurors, together with copies of their juror questionnaires. The parties also will receive a list of the first 14 potential jurors in the order in which they were randomly drawn. The court will be provided with a separate list of all of the potential jurors in the order in which they were randomly drawn.

---

[9]Sometimes, the jury may be selected by the Magistrate Judge at a time or date different than that listed herein. If the parties do not consent to the Magistrate Judge conducting jury selection, they shall notify the court of said objections immediately upon notice that the Magistrate Judge will be conducting jury selection. Additionally, parties consenting to the Magistrate Judge for jury selection will each be permitted up to 45 minutes for voir dire, rather than 30 minutes of voir dire.

**B.** The first 14 preselected potential jurors who appear for jury selection will be seated in order in the jury box,[10] and will be the potential jurors first considered for impanelment on the jury.

**C.** The potential jurors will be escorted into the courtroom.

**D.** Chief Judge Reade will greet the jury, counsel, and the parties; announce the name of the case to be tried; and ask the parties if they are ready to proceed.[11]

**E.** Chief Judge Reade will swear in all potential jurors.

**F.** Chief Judge Reade will make some introductory remarks to the potential jurors about the jury selection process.

**G.** Chief Judge Reade will ask all potential jurors if they are aware of any circumstance that might prevent their service on the jury, and may excuse anyone for whom she believes jury service would be an undue burden. The parties may not address this issue with the potential jurors.

**H.** Chief Judge Reade will make some brief opening remarks, and will read the jury statement. *See* Part VIII(B)(1) herein.

**I.** Chief Judge Reade will introduce the courtroom staff. Then she will ask the attorneys to identify themselves, the members of their firm, their clients, and the witnesses they expect to call at trial and any other individuals whose names may be discussed during the trial. Pro se parties will be asked to do the same.

---

[10]If any of the first 14 preselected potential jurors does not appear for jury selection or is excused from jury service after arriving at the courthouse, that potential juror will be replaced with the next potential juror on the court's list of preselected potential jurors, and the attorneys will be provided with an updated list.

[11]If, at any time, the parties need to discuss a potential juror, they shall ask for a sidebar.

13

*J.*  Chief Judge Reade will engage the potential jurors in the jury box in an extensive voir dire.

*K.*  After Chief Judge Reade has completed her questions, each side, beginning with the plaintiff, will be permitted to conduct up to 30 minutes of jury voir dire.  A request for additional time for party voir dire because of the complexity or unusual nature of a case, or in multi-party cases, should be made at the FPTC.  The parties are not permitted to argue their case or engage in questioning unrelated to the potential jurors' ability to serve.

*L.*  The parties will be permitted to challenge any potential juror for cause.  These challenges may be made at side-bar.  If a potential juror is excused for cause, he or she will be replaced by the next potential juror on the jury list, who then will undergo the same questioning as the other potential jurors.  There will be 14 potential jurors remaining in the jury box at the conclusion of voir dire.

*M.*  The Deputy Clerk will give the plaintiff(s) a list of the names of the 14 remaining potential jurors.  The plaintiff(s) shall strike one of the names by noting in the margin "$\pi 1$."  The Deputy Clerk then will take the list and hand it to the defendant(s), who shall strike one of the names by noting in the margin "$\Delta 1$"  This procedure will be repeated until the plaintiff(s) and defendant(s) each have exercised 3 peremptory challenges, and 8 jurors remain on the list.  After defendant(s) has exercised his or her last strike, the Deputy Clerk will provide the plaintiff(s) with the list for review.  The Deputy Clerk will take the list to Chief Judge Reade.  Chief Judge Reade will then announce the 8 selected jurors and the rest of the potential jurors will be excused.

*N.*  Chief Judge Reade will swear in the jury.

14

*O.*  **THERE ARE NO ALTERNATE JURORS.  ANY VERDICT MUST BE UNANIMOUS**.  During trial, if any of the 8 jurors has to be excused from jury service for any reason, the case can be decided by as few as 6 jurors.  *See* LR 48.a.

*P.*  Upon stipulation of the parties, the verdict can be less than unanimous or decided by fewer than 6 jurors, or both.  *See* LR 48.c.

*Q.*  Any objection to Chief Judge Reade's procedures for selecting jurors must be served and filed at least **14 court days** before the commencement of trial.

*XV.*  ***OPENING STATEMENTS AND CLOSING ARGUMENTS***:  Opening statements are limited to **30 minutes** and closing arguments are limited to **60 minutes**.  A request for additional time for opening statements or closing arguments must be made no later than the FPTC.

*XVI.*  ***READING OF JURY INSTRUCTIONS***:  The court does not require the court reporter to report the reading of the jury instructions, and considers the instructions read as published in the final written version.  The parties should make a record as to any misreads of the instructions at the conclusion of the reading of the instructions.

It is the practice of the court to read to the jury a set of Preliminary Jury Instructions, immediately before opening statements, and a set of Final Jury Instructions, including both case-specific and stock instructions, before and after closing arguments.

It is the practice of the court to read all but the last two of the final instructions to the jury prior to closing arguments.  *See* Fed. R. Civ. P. 51(b)(3).  The last two instructions, which concern the jury's duties during deliberations, will be read upon the conclusion of argument, just prior to the jury retiring to consider its verdict.

If any party has an objection to any part of the procedure described in this Part, that objection must be raised at or before the FPTC.

*XVII. COURTROOM TECHNOLOGY***:** Prior to trial, parties and witnesses who intend to utilize the technology available in the courtroom must familiarize themselves with the proper manner of operation of the equipment. Instruction and training on the proper use of the equipment may be obtained from the court's automation staff. Parties may request an appointment via richard_hunt@iand.uscourts.gov or by calling 319-286-2300. Information also may be obtained from the court's website at the following web address: *www.iand.uscourts.gov*. The court encourages parties to consult the website, but such consultation is not a substitute for the requirement that parties must consult and train with the court's automation staff if they wish to use any of the courtroom equipment during trial.

If a party wishes to use video conferencing technology for the testimony of any witness, the party **must** contact the court's automation staff and complete a "Video Conference End-End Certification" form **at least <u>7 court days</u> in advance of the start of the trial.** The court will require at least one test connection prior to the start of trial. **Failure to comply with the court's requirements for video conferencing will result in the court denying the opportunity to have a witness testify via video conferencing.**

If a party wishes to connect a laptop computer to the courtroom equipment, the party **must** have the laptop computer tested by the court's automation staff **at least <u>5 court days</u> in advance of the start of the trial. Failure to have the laptop computer tested will result in the court denying the connection of the laptop computer to the courtroom equipment.**

If a party wishes to present evidence in the form of a VHS tape, a DVD, an audio cassette, an audio CD or any other form of media requiring use of the courtroom equipment, the party **must** have such items of evidence tested by the court's automation staff at least **<u>5 court days</u>** in advance of the start of the trial to ensure compatibility with the courtroom equipment.

16

*XVIII.* ***SETTLEMENT CONFERENCE*:**  Any party desiring a settlement conference should contact the Magistrate Judge at 319-286-2340.  Such contact should be made at the earliest opportunity.  Such contact may be *ex parte* for the sole purpose of requesting a settlement conference.  A settlement conference will be scheduled with a Magistrate Judge who will not be involved in trying the merits of the case.

*XIX.* ***SETTLEMENT DEADLINE*:**  The court hereby imposes a settlement deadline of **5:00 p.m., 3 court days** before the first scheduled day of trial.  If the case is settled after that date, the court may enter an order to show cause why costs and sanctions should not be imposed on the party or parties causing the delay in settlement.

**IT IS SO ORDERED.**

**DATED** this 14th day of October, 2009.


_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

UNITED STATES DISTRICT COURT
IN AND FOR THE NORTHERN DISTRICT OF IOWA
_____ DIVISION

[*INSERT PARTIES AND CASE NUMBER*]

**FINAL PRETRIAL**
**ORDER**
**(PROPOSED)**

**[*NOTE: Instructions for preparing this form appear in brackets and should not be reproduced in the proposed Final Pretrial Order. All material not appearing in brackets should be reproduced in the proposed Final Pretrial Order.*]**

This final pretrial order was entered after a final pretrial conference held on [date]. The court expects the parties to comply fully with this order.  [*Full compliance with the order will assist the parties in preparation for trial, shorten the length of trial, and improve the quality of the trial.  Full compliance with this order also will help "secure the just, speedy, and inexpensive determination" of the case.  Fed. R. Civ. P. 1.*]

The following parties, who will try the case, appeared at the conference:

1.      For plaintiff(s):
        Name(s)
        Street Number, Street Name and/or Box Number
        City, State and Zip Code
        Phone Number [include area code]
        Facsimile Number [include area code]
        E-mail address [if available]

2.      For defendant(s):
        Name(s)
        Street Number, Street Name and/or Box Number
        City, State and Zip Code
        Phone Number [include area code]
        Facsimile Number [include area code]
        E-mail address [if available]

**I.**    **<u>STIPULATION OF FACTS</u>:**   The parties agree that the following facts are true and undisputed:**[***The parties are to recite all material facts as to which there is no dispute. Special consideration should be given to such things, for example, as life and work expectancy, medical and hospital bills, funeral expenses, cause of death, lost wages, back pay, the economic value of fringe benefits, and property damage. The parties should stipulate to an undisputed fact even if the legal relevance of the stipulated fact is questioned by one or more party, but in such instances the stipulated fact should be followed by an identification of the objecting party and the objection (e.g. "Plaintiff objects to relevance.")***]**

         A.

         B.

**II.**    **<u>EXHIBIT LIST</u>**: The parties' exhibit lists are attached to this Order.**[***The parties are to **attach to this order** (<u>not</u> include in the body of the order) exhibit lists that list all exhibits (except for impeachment exhibits) each party intends to offer into evidence at trial. Exhibit lists are to be prepared in the attached format, indicating objections using the categories described in the form.*

      *All exhibits are to be made available to opposing counsel for inspection at least **fifteen court days** before the date of the FPTC. Failure to provide an exhibit for inspection constitutes a valid ground for objection to the exhibit, and should be noted on the exhibit list.*

      *Copies of all exhibits as to which there may be objections must be brought to the FPTC. If an exhibit is not brought to the FPTC and an objection is asserted to the exhibit at the FPTC, the exhibit may be excluded from evidence by the court. Any exhibit not listed on the attached exhibit list is subject to exclusion at trial. The court may deem any objection not stated on the attached exhibit list as waived.***]**

**III.**    **<u>WITNESS LIST</u>**:   The parties intend to call the following witnesses at trial:**[***Each party must prepare a witness list that includes all witnesses (except for rebuttal witnesses) whom the party intends to call to testify at trial. The parties are to exchange their separate witness lists at least **fifteen court days** before the date of the FPTC. The witness lists are to be included in the following format. A witness testifying by deposition must be listed in the witness list with a designation that the testimony will be by deposition.***]**

         A.     Plaintiff(s) witnesses **[***list name, **substance of testimony**, whether any party objects to the witness, and the nature of and grounds for any objection***]**:

             1.

             2.

B.     Defendant(s) witnesses [*list name, **substance of testimony**, whether any party objects to the witness, and the nature of and grounds for any objection*]:
1.
2.

All parties are free to call any witness listed by an opposing party. A party listing a witness guarantees his or her presence at trial unless it is indicated otherwise on the witness list. *Any objection to the offer of testimony from a witness on the witness list is waived if it is not stated on this list.*

## IV.    EVIDENTIARY AND OTHER LEGAL ISSUES:

A.    Plaintiff(s) Issues:

1.
2.

B.    Defendant(s) Issues:

1.
2.

[*The parties must list all unusual evidentiary and legal issues which are likely to arise at trial, including such things as disputes concerning the admissibility of evidence or testimony under the Federal Rules of Evidence; the elements of a cause of action; whether recovery is barred as a matter of law by a particular defense; disputes concerning the measure, elements, or recovery of damages; and whether the Statute of Frauds or the Parol Evidence Rule will be raised. The purpose of this listing of issues is to advise the court in advance of issues and problems that might arise at trial.*]

**IT IS SO ORDERED.**
**DATED** this KEYBOARD() day of KEYBOARD(), KEYBOARD().

_____
**LINDA R. READE**
**CHIEF JUDGE, U.S. DISTRICT COURT**
**NORTHERN DISTRICT OF IOWA**

# (PLAINTIFF'S) (DEFENDANT'S) EXHIBIT LIST [*Form*]

The following categories have been used for objections to exhibits:

A.     **<u>Category A.</u>**  The exhibits shall be offered by the parties and admitted as evidence in front of the jury before the parties seek to publish them to the jury.

B.     **<u>Category B.</u>**  These exhibits are objected to on grounds **other than** foundation, identification, or authenticity.  This category has been used for objections such as hearsay or relevance.

C.     **<u>Category C.</u>**  These exhibits are objected to on grounds of foundation, identification, or authenticity.  This category **has not** been used for other grounds, such as hearsay or relevance.

| (Plaintiff's)(Defendant's) Exhibits | Objections [*Cite Fed. R. Evid.*] | Category A, B, C | Offered | Admit/Not Admitted (A) - (NA) |
|---|---|---|---|---|
| 1.  [*describe exhibit*] | | | | * |
| 2.  [*describe exhibit*] | | | | |
| 3.  [*describe exhibit*] | | | | |
| 4.  [*describe exhibit*] | | | | |
| 5.  [*describe exhibit*] | | | | |

[*\*This column is for use by the trial judge at trial.  Nothing should be entered in this column by the parties.*]



US District Court, Building B
Courtroom 1

Witness Enter Here

Counsel Table

Counsel Table

Jury Box

Stop here to be sworn in

Courtroom Deputy

Witness Box

Judge